UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JEFFREY PARKER, DONALD B. LOSEY, and, SHELLEY WEATHERFORD, individually and on behalf of themselves, the GKN Group Retirement Savings Plan, and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>GKN NORTH AMERICA SERVICES, INC., BOARD OF DIRECTORS OF GKN NORTH AMERICA SERVICES, INC., the BENEFIT COMMITTEE, and John Does 1-30,<br><br>        Defendants. | No. 2:21-cv-12468<br><br>Hon. Sean F. Cox<br><br>Mag. Jonathan J.C. Grey |

**PLAINTIFFS' OPPOSITION TO THE MOTION OF THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE***

# **TABLE OF CONTENTS**

ISSUE PRESENTED ........................................................................................... iii

MOST APPROPRIATE AUTHORITY ................................................................ iv

INDEX OF AUTHORITIES..................................................................................v

INTRODUCTION .................................................................................................1

ARGUMENT .........................................................................................................2

CONCLUSION ....................................................................................................12

## ISSUE PRESENTED

1. Should this Court deny the Chamber of Commerce of the United States of America leave to file a purported *amicus* brief in support of Defendants' Motion to Dismiss, where the proffered brief makes generic arguments that are not closely tailored to the Complaint in this action and, thus, would not assist the Court in this matter?

## **MOST APPROPRIATE AUTHORITY**

- *United States v. State of Mich.*, 940 F.2d 143 (6th Cir. 1991)
- *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542 (7th Cir. 2003)
- *In re American National Red Cross ERISA Litig.*, No.1:21-cv-00541-EGS (D.D.C. December 7, 2021)
- *Monarch Beverage Co. v. Johnson*, No. 13-cv-01674, 2014 WL 7063019 (S.D. Ind. Dec. 11, 2014)

# **INDEX OF AUTHORITIES**

**Cases**

*American Satellite Co. v. United States*, 22 Cl. Ct. 547 (1991) ..................................8

*COR Clearing, LLC v. Calissio Res. Grp., Inc.*,
   No. 15-cv-00317, 2015 WL 6604010 (D. Neb. Oct. 29, 2015) ...........................8

*Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014) ........................... 5, 7, 12

*Flaws v. Akal Sec., Inc.*, No. 19-cv-06140,
   2020 WL 3317611 (W.D. Mo. June 18, 2020) .......................................................8

*Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996) ...................................... 4, 7, 8

*Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*,
   No. 13-CV-11037, 2016 WL 3743130 (E.D. Mich. July 13, 2016) ......................7

*Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022) .................................. 5, 7, 12

*In re American National Red Cross ERISA Litig.*,
   No.1:21-cv-00541-EGS (D.D.C. December 7, 2021) ............................................3

*Leigh v. Engle*, 535 F. Supp. 418 (N.D. Ill. 1982) ......................................................8

*Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at
   Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157 (D.D.C. 2014) ...............9

*Meiners v. Wells Fargo Co.*, 898 F.3d 820 (8th Cir. 2018) ........................................7

*Monarch Beverage Co. v. Johnson*,
   No. 13-cv-01674, 2014 WL 7063019 (S.D. Ind. Dec. 11, 2014) ................. 3, 5, 6

*National Organization for Women, Inc. v. Scheidler*,
   223 F.3d 615 (7th Cir. 2000) ..................................................................................4

*Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*,
   293 F.3d 128 (3d Cir. 2002) ...................................................................................7

*New York v. U.S. Dep't of Labor*, No. 18-1747-JDB (D.D.C. Nov. 9, 2018) ...........3

*Prairie Rivers Network v. Dynegy Midwest Generation, LLC*,
    976 F.3d 761 (7th Cir. 2020) ............................................................. 7, 10

*Ryan v. CFTC*, 125 F.3d 1062 (7th Cir. 1997) ........................................... 10

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062 (7th Cir. 1997) ........ 6

*Sierra Club v. Fed. Emergency Mgmt. Agency*,
    No. 07-cv-00608, 2007 WL 3472851 (S.D. Tex. Nov. 14, 2007) ................ 7, 10

*Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970) ......................................... 8

*Sweda v. Univ. of Pa.*, 923 F.3d 320 (3d Cir. 2019) ....................................... 7

*United States v. DaVita Inc.*,
    No. 21-229-RBJ, ECF No. 65 (D. Colo. Oct. 20, 2021) ............................. 3

*United States v. Gotti*,
    No. CR-90-1051, 1991 WL 5728 (E.D.N.Y. Jan. 15, 1991) ......................... 9

*United States v. Michigan Dep't of Cmty. Health*,
    No. 1:10-MC-109, 2011 WL 2412602 (W.D. Mich. June 9, 2011) ................ 7

*United States v. State of Mich.*, 940 F.2d 143 (6th Cir. 1991) .......................... 2

*United States v. Walgreen Co.*,
    No. 21-32-JPJ, ECF No. 22 (W.D. Va. Sept. 9, 2021) ............................... 3

*Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542 (7th Cir. 2003) .... 2, 4, 10

*WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41 (D.D.C. 2019) ..................... 5

**Statutes**

29 U.S.C. § 1132(a)(2) ............................................................................ 1

29 U.S.C. § 1132(a)(3) ............................................................................ 1

# INTRODUCTION

Plaintiffs Jeffrey Parker, Donald B. Losey, and Shelley Weatherford (collectively "Plaintiffs"), individually and as representatives of a proposed class of participants in and beneficiaries of the GKN Group Retirement Savings Plan (the "Plan"), hereby oppose the motion of the Chamber of Commerce of the United States of America (the "Chamber") for leave to file a brief as a purported *amicus curiae* (ECF 33) (the "Motion") in support of the motion to dismiss of Defendants GKN North America Services, Inc., the Board of Directors of GKN North America Services, Inc., and the Benefit Committee (collectively "Defendants") (ECF 31).

This case asserts claims for breach of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(2) and (a)(3), arising from Defendants' imprudent failure to effectively monitor and control the Plan's fees and expenses, which are passed on to all Plan participants. Even though the pleadings have not been settled yet, the Chamber has sought to intercede as a purported *amicus* on behalf of Defendants—something that is typically reserved for appellate matters that involve important questions of law that may affect the interests of a much broader segment of the population than just the parties to the case.

Here, it would be inappropriate for the Court to consider the Chamber's support for Defendants' position. As Judge Posner has instructed, "The fact that powerful public officials or business or labor organizations support or oppose" the

position of a particular litigant "is a datum that is irrelevant to judicial decision making. . . ." *Voices for Choices v. Illinois Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003). Moreover, the Chamber's *amicus* brief would not assist the Court in this matter. The Chamber's *amicus* brief largely raises generic arguments that are not closely tailored to the Complaint in this action. It also duplicates arguments already raised by Defendants in their motion to dismiss.

For these reasons and others that follow, the Court should deny the Chamber's Motion.

## ARGUMENT

### The Chamber Does Not Meet The Criteria For Amicus Briefing

The Sixth Circuit states: "leave to file an amicus brief, a decision that is within the sound discretion of the court, 'depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice.'" *United States v. State of Mich.*, 940 F.2d 143, 165 (6th Cir. 1991). There are at least nine reasons why the Chamber's brief does not meet such requirements.

First, the Chamber's intrusion in this case represents a radical departure from the traditional realm of *amici*—*i.e.*, important appellate cases.[1] Recently, the Chamber has embarked on a campaign to expand its influence to the earliest stages

---

[1] The Chamber's citation to *United States v. State of Mich.*, 940 F.2d at 165, an important appellate case concerning prison reform, underscores the impropriety of its attempt to sway the outcome of a Rule 12 motion.

2

of private litigation in federal district courts. In response, at least one court has recently refused to allow the Chamber leave to file an *amicus* brief in support of a motion to dismiss a similar ERISA case. Specifically, in *In re American National Red Cross ERISA Litig.*, No.1:21-cv-00541-EGS (D.D.C. December 7, 2021) (attached as Exhibit A), the court ruled that the Chamber failed to meet any of the criteria for *amicus* participation. In particular, the court stated: "(1) movants have not shown that a party is not adequately represented, and (2) several of movant's arguments are duplicative of those in the defendants' motion to dismiss." *Id*.

Tellingly, the Chamber cites few cases where district courts have permitted an *amicus* brief by the Chamber in support of a Rule 12 motion to dismiss.[2] This is no surprise, as there is no provision under the Federal Rules of Civil Procedure for filing *amicus* briefs at the district court level. "The Federal Rules of Civil Procedure do not contemplate the submission of *amicus curiae* briefs in the district court." *Monarch Beverage Co. v. Johnson*, No. 13-cv-01674, 2014 WL 7063019, at *1 (S.D. Ind. Dec. 11, 2014) (denying motion for leave to file amicus brief). Likewise, neither the Chamber nor any other non-party has the right to submit papers in this case. *See*

---

[2] The cases cited by Chamber fail to support its claim that district courts "have found the Chamber's *amicus* participation helpful." Most are nothing more than paperless docket entries or one-page orders that lack any reasoning or analysis for granting leave. *See New York v. U.S. Dep't of Labor*, No. 18-1747-JDB (D.D.C. Nov. 9, 2018) (minute order); *United States v. DaVita Inc.*, No. 21-229-RBJ, ECF No. 65 (D. Colo. Oct. 20, 2021); *United States v. Walgreen Co.*, No. 21-32-JPJ, ECF No. 22 (W.D. Va. Sept. 9, 2021).

3

*Fluor Corp. v. United States*, 35 Fed. Cl. 284, 285 (1996) ("There is no right to file an *amicus* brief in this court; the decision whether to allow participation by *amici curiae* is left entirely to the discretion of the court."). *See also National Organization for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (denying leave to submit an *amicus* brief is discretionary).

This Court's Local Rules also do not contain a provision for filing an *amicus* brief. And courts have espoused a policy against granting "rote permission" to file *amicus* briefs. *See, e.g., Voices for Choices*, 339 F.3d at 544 (denying leave to file *amicus* brief). This policy recognizes that "judges have heavy caseloads and therefore need to minimize extraneous reading; amicus briefs, often solicited by parties, may be used to make an end run around court-imposed limitations on the length of parties' briefs; … and the filing of an amicus brief is often an attempt to inject interest group politics into the federal appeals process." *Voices for Choices*, 339 F.3d at 544. An *amicus* brief should be permitted only when "the brief will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not to be found in the parties' briefs." *Id*. at 545. This criterion is not satisfied unless "a party is inadequately represented," or "the would-be amicus has a direct interest in another case that may be materially affected by a decision in this case," or "the amicus has a unique perspective or specific information that can assist the court

4

beyond what the parties can provide." *Id*. The Chamber fails to meet these requirements.

Second, the Chamber's arguments are largely duplicative of those advanced by Defendants. *See*, *e.g.*, *WildEarth Guardians v. Zinke*, 368 F. Supp. 3d 41, 59 (D.D.C. 2019) (denying *amici* leave to file a brief because it did not present any arguments that were not already found in the parties' briefs); *Monarch Beverage Co.*, 2014 WL 7063019, at *2 (denying leave to file an amicus brief that contained "no new ideas, arguments, theories, insights, facts, or data that would be helpful to the Court…"). The Chamber's proposed brief (*see* ECF No. 33-1, PageID.701-703) adds nothing with respect to the pleading standard set forth in *Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022), and *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014) – this issue has been thoroughly briefed by Defendants. *See* ECF No. 31, PageID.527-529. The Chamber's other arguments are that: (i) ERISA plaintiffs purportedly use hindsight and cherry-picked data to illustrate unreasonably high fees and underperformance of investments (Chamber Br. at PageID.698, 703-705, 708); (ii) plaintiffs in ERISA litigation take "a cost-above-all approach" (*id*. at PageID.699, 712); and (iii) plaintiffs in ERISA litigation supposedly use "apples and oranges" comparisons rather than meaningful benchmarks (*id*. at PageID.705). But those issues are already addressed in Defendants' motion to dismiss. *See*, *e.g.*, Motion to Dismiss at PageID.520 (use

5

hindsight and cherry-picked data), PageID.539 ("a cost-above-all approach"), and PageID.529, 536 ("apples and oranges" comparisons). Thus, the Chamber's input is unnecessary and duplicative.

Third, *amicus* briefing at the district court level is fraught with potential for abuse, as it "may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally." *Monarch Beverage Co*, 2014 WL 7063019, at *2 (citations omitted). While E. E. D. Mich. LR 7.1(d)(3) limits the length of a brief in support of a motion to 25 pages, here the Chamber's brief in support of Defendants' Rule 12 motion would add 19 pages of argument to the 25 pages of briefing already submitted by Defendants. Since Defendants may submit a reply brief of up to 7 pages, the Chamber and Defendants would have an aggregate of 51 pages of briefing in support of Defendants' motion—26 more than Plaintiffs are permitted for their opposition. That would be unfair to Plaintiffs. *See Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (denying leave to file amicus brief that, "if allowed to be submitted, would in effect bring that length up to 62 pages" from the 45 submitted by the petitioner).

Fourth, Plaintiffs oppose the Chamber's Motion—a factor that itself supports reconsideration of the Chamber's Motion. "While parties to an action cannot bar the

filing of an amicus brief by their unanimous opposition, such opposition should be given great weight by a court." *Fluor Corp.*, 35 Fed. Cl. at 285.

Fifth, Plaintiffs object to the Chamber's admittedly partisan advocacy in support of Defendants, which is improper in a trial court. District courts have rejected the participation of a patently partisan *amicus*.[3] *See United States v. Michigan Dep't of Cmty. Health*, No. 1:10-MC-109, 2011 WL 2412602, at *9 (W.D. Mich. June 9, 2011) (denying leave to file "adversarial" *amicus* briefs, "because they contain little information that is useful or otherwise necessary to resolve the immediate petition before the court."); *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, No. 13-CV-11037, 2016 WL 3743130, at *21 (E.D. Mich. July 13, 2016) (denying leave to file brief where the *amicus* had an interest in a "motion being resolved in a certain way…"); *Sierra Club v. Fed. Emergency Mgmt. Agency*, No. 07-cv-00608, 2007 WL 3472851, at *3 (S.D. Tex. Nov. 14, 2007) (denying leave to file where *amicus* sought to litigate fact issues, and its interests and policy objectives were identical to those of the party whose position it sought to support).

---

[3] Instead of supporting its position, the Chamber's citation to the appellate opinions in *Hughes v. Northwestern Univ.*, 142 S. Ct. 737 (2022); *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409 (2014); *Sweda v. Univ. of Pa.*, 923 F.3d 320 (3d Cir. 2019); *Meiners v. Wells Fargo Co.*, 898 F.3d 820 (8th Cir. 2018); *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020); and *Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002), underscores the impropriety of allowing partisan cheerleaders to infiltrate trial court proceedings.

"Although *amicus curiae* briefs before appellate courts usually support one side or the other, trial courts 'have frowned on participation which simply allows the amicus to litigate its own views' or present 'its version of the facts.'" *Fluor Corp.*, 35 Fed. Cl. at 286 (quoting *American Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991) (denying amicus leave to file brief)). This Court has recognized that "if the proffer comes from an individual with a partisan, rather than impartial view, the motion for leave to file an amicus brief is to be denied, in keeping with the principle that **an amicus must be a friend of the court and not a friend of a party to the cause**." *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982) (district court rejected proposed *amicus* brief that was partisan) (emphasis added).

Sixth, although the acceptance of an *amicus* brief on issues of law is "within the sound discretion of the court," the courts have instructed that "an amicus who argues facts should rarely be welcomed." *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970); *accord Flaws v. Akal Sec., Inc.*, No. 19-cv-06140, 2020 WL 3317611, at *1 (W.D. Mo. June 18, 2020) (same); *COR Clearing, LLC v. Calissio Res. Grp., Inc.*, No. 15-cv-00317, 2015 WL 6604010, at *2 (D. Neb. Oct. 29, 2015) (same). The Chamber's brief impermissibly argues facts such as the increase in the number of ERISA cases filed in recent years (ECF No. 33-1, PageID.697,701); the costs of discovery in ERISA cases (*id*. at PageID.698); the pressure such suits place on fiduciaries to narrow the range of investment offerings (*id*. at PageID.699, 712-

8

713); and the increased insurance costs faced by plan sponsors due to ERISA litigation (*id.* at PageID.712-715). The Chamber provides scant support for these assertions.

Seventh, Defendants do not need assistance from *amici*—they are adequately represented by competent counsel. *See, e.g.*, *Matter of Search of Info. Associated with [redacted]@mac.com that is Stored at Premises Controlled by Apple, Inc.*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (motion to file *amicus* brief denied where defendant was adequately represented). Here, Defendants are represented by Nancy G. Ross of Mayer Brown LLP, who "is consistently recognized as a leader in ERISA litigation by the most highly regarded legal directories and industry publications in the United States."[4] Defendants' counsel is up to the task at hand and does not require the assistance from the Chamber. This factor supports denial of the Chamber's motion. *See United States v. Gotti*, No. CR-90-1051, 1991 WL 5728, at *2 (E.D.N.Y. Jan. 15, 1991) (denying leave to file amicus brief where defendant was represented by competent counsel).

Eighth, the Chamber's proposed *amicus* brief adds nothing of value to the resolution of Defendants' Rule 12 motion to dismiss. Indeed, the key arguments have already been made by Defendants. So, there is no need for the Chamber to reiterate

---

[4] *See* Mayer Brown LLP website at:
https://www.mayerbrown.com/en/people/r/ross-nancy-g?tab=overview.

9

those positions or add further context. "At times individual judges have rightly observed that too many *amicus* briefs do not even pretend to offer value and instead merely repeat (literally or through conspicuous paraphrasing) a party's position." *Prairie Rivers Network*, 976 F.3d at 763 (citing *Voices for Choices*, 339 F.3d at 545) ("[I]t is very rare for an *amicus curiae* brief to do more than repeat in somewhat different language the arguments in the brief of the party whom the amicus is supporting."); *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997) ("[T]he vast majority of [amicus curiae briefs] have not assisted the judges. . . .")).

Instead, the Chamber seeks to advance its extreme pro-corporate agenda by turning the instant Rule 12 motion into a political battleground. In doing so, the Chamber attempts to persuade this Court to disregard the facts alleged in Plaintiffs' Complaint, and ignore the well-established legal standards applicable to determining whether the Complaint states a claim for breach of ERISA's fiduciary duties. Numerous courts have rejected such ploys. "Nor should *amicus* briefs serve only as a show of hands on what interest groups are rooting for what outcome." *Prairie Rivers Network*, 976 F.3d at 763 (citing *Sierra Club*, 358 F.3d at 518 ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed.")).

Ninth, the Chamber acknowledges, as it must, that the "Supreme Court has taken several recent opportunities to address the standard for sufficiently alleging a

10

claim under ERISA. Each time, it has stressed that ERISA suits are no different from any others. . . ." (ECF No. 33-1, PageID.701-702). However, the entirety of the Chamber's brief argues on policy grounds why ERISA cases should be treated differently from other cases. For instance, the Chamber claims: "The last 15 years have seen a surge of ERISA litigation. . . . These cases generally do not develop organically based on plan-specific details, but rather are advanced as prepackaged, one-size-fits-all challenges." (*Id.* at PageID.701). "If anything, the discretion and flexibility ERISA affords should make pleading through hindsight-based circumstantial allegations *more* difficult, not less." (*Id.* at PageID.702). "[P]laintiffs' attorneys can easily cherry-pick historical data. . . ." (*Id*. at PageID.703). "[P]laintiffs often ask the court to close its eyes to that contextual information." (*Id*. at PageID.707). "**These lawsuits will harm participants and beneficiaries**" and "**[t]hese lawsuits pressure plan sponsors**. . . ." **(***Id*. at PageID.711-712) (emphasis in original).

Generic criticism about "these cases" are clearly unrelated to an assessment of the pleadings in this particular case and promote a position that ERISA cases as a group should be subject to a higher pleading standard than other cases, essentially due to the alleged explosion of ERISA cases and the supposed trickery of plaintiffs' counsel. However, the Supreme Court rejected this argument when declining to create a presumption in favor of defendants at the pleading stage in ERISA cases.

11

Specifically, in *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 423-25 (2014), defendants argued that without some sort of special presumption in their favor, the threat of costly lawsuits would deter companies from offering retirement plans. In rejecting this notion, the Court stated: "Such a [presumption] does not readily divide the plausible sheep from the meritless goats. That important task can be better accomplished through careful, context-sensitive scrutiny of a complaint's allegations." *Id*. Indeed, the Chamber made these same arguments in its *amicus* filed in *Hughes* on October 28, 2021, and the Supreme Court rejected it. *Id*., 142 S. Ct. at 742 (rejecting argument that "participants' ultimate choice over their investments to excuse allegedly imprudent decisions by [plan fiduciaries]".

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court deny the Chamber's motion for leave to file an amicus brief in support of Defendants' Rule 12 motion to dismiss.

May 16, 2022                               Respectfully submitted,

*/s/ Nathan J. Fink*
David H. Fink (P28235)
Nathan J. Fink (P75185)
**FINK BRESSACK**
38500 Woodward Ave., Suite 350
Bloomfield Hills, MI 48304
Phone: (248) 971-2500
Fax: (248) 971-2600
dfink@finkbressack.com
nfink@finkbressack.com

        Todd S. Collins
Natalie Lesser
Abigail Gertner
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000
tcollins@bm.net
nlesser@bm.net
agertner@bm.net

Eric Lechtzin (Fed. Bar I.D. # 62096PA)
Marc H. Edelson (PA - 51834)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
elechtzin@edelson-law.com
medelson@edelson-law.com

*Counsel for Plaintiffs and Proposed Class*

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May, 2022, I electronically filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system which will send a notification to all counsel of record in this Action. In addition, a copy is being served by email on counsel for the Chamber of Commerce as follows:

Jaime A. Santos
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Email: wjay@goodwinlaw.com
Email: jsantos@goodwinlaw.com

Eric J. Pelton
David Porter
KIENBAUM HARDY VIVIANO PELTON & FORREST
280 N. Old Woodward, Ste. 400
Birmingham, MI 48009
Email: epelton@khvpf.com
Email: dporter@khvpf.com

*Counsel for U.S. Chamber of Commerce*

/s/ Nathan J. Fink