UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

JEFFREY PARKER, DONALD B. LOSEY,
and SHELLEY WEATHERFORD,
individually and on behalf of themselves,
the GKN Group Retirement Savings Plan,
and all others similarly situated,

Case No. 21-12468

PLAINTIFFS,

v.

GKN NORTH AMERICA SERVICES, INC.,          Sean F. Cox
BOARD OF DIRECTORS OF GKN NORTH            United States District Court Judge
AMERICA SERVICES, INC., and the BENEFIT

DEFENDANTS.

_____/

## OPINION AND ORDER
## DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

### INTRODUCTION

This matter is currently before the Court on Defendants' Motion for Reconsideration of this Court's Order Denying Defendants' Motion to Dismiss.

The Court finds that oral argument would not significantly aid the decisional process with respect to this motion. *See* E.D. Mich. LR 7.1(h)(3). The Court therefore orders that the motion will be decided without oral argument.

Having reviewed Defendants' motion, **IT IS ORDERED** that Defendants' Motion for Reconsideration is **DENIED** because Defendants have not demonstrated a palpable defect by which the Court and the parties have been misled.

1

## BACKGROUND

On or about October 19, 2021, Plaintiffs Jeffrey Parker, Donald B. Losey, and Shelley Weatherford filed their First Amended Complaint ("FAC") seeking to represent a class of persons who were participants or beneficiaries of retirement plans offered by Defendants (GKN North America Services, Inc., Board of Directors of GKN North America Services, Inc., the Benefit Committee[1]) to employees. (FAC at 1, ECF No.28. PageID.429). The "Plan" in this case is "GoalMaker", an asset allocation service selected by Defendants and provided by Prudential Insurance Company ("Prudential"). (FAC at 4). Prudential markets the Plan as a service to help keep retirement goals on track by periodically rebalancing participants' accounts to match their portfolio. (FAC Ex. 1 at PageID.496). Plaintiffs allege that they participated in the Plan during their employment with Defendants and suffered financial harm due to Defendants' actions regarding the Plan.

In their FAC, Plaintiffs claim the plan cost "participants millions of dollars" and "undermin[ed] the purpose of 401(k) plans—*i.e.*, to maximize participants' retirement savings" as required under the Employment Retirement Income Security Act ("ERISA"). (FAC at 5; *See* 29 U.S.C. § 1001. ERISA imposes a fiduciary duty to act" with the skill, care, prudence, and diligigence" that a professional "acting in a like capacity and familiar with such matters" would use. *Id.*, § 1004(a)(1)(B). Plaintiffs claim Defendants' actions constitute violations of the fiduciary duties of prudence and loyalty required of a fiduciary under ERISA.

On May 5, 2022, Defendants filed a motion to dismiss Plaintiffs' FAC. (Defs' Mot. Dismiss, ECF No.31). On June 9, 2022, Plaintiffs filed their opposition to the motion to dismiss. (Pls. Resp., ECF No.38). On June 30, 2022, Defendants filed their reply to Plaintiffs' opposition

---

[1] Parties stipulated and agreed that the defendants John Does 1-30 were dismissed on February 8, 2022 (ECF No. 24, PageID.138).

to the motion to dismiss. (Defs.' Reply, ECF No.41).  In their reply, Defendants addressed *Smith v. CommonSpirit*, 37 F.4th 1160 (6th Cir. 2022), which is highly relevant to the proceedings but was decided *after* Plaintiffs filed their opposition to the motion on June 9, 2022. (*Id.* at PageID.883).  Plaintiffs subsequently filed an unopposed motion for leave to file a sur reply on July 8, 2022, to address that case. (ECF No.42). The court granted their motion for leave on August 11, 2022. (ECF No.46).

The Court heard oral argument on August 18. 2022.  On August 26, 2022, the Court issued an Opinion and Order denying Defendants' Motion to Dismiss. (Ct. Op. and Order, ECF No. 48).  Defendants filed the instant Motion for Reconsideration on September 9, 2022.

## STANDARD OF REVIEW

Motions for reconsideration are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* E.D. Mich. LR 7.1(h)(3). A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp.2d 609, 618 (E.D. Mich. 2008). A motion for reconsideration does not afford a party an opportunity to present the same issues that have been already ruled on by the Court, either expressly or by reasonable implication. *See* E.D. Mich. L.R. 7.1(h)(3). Nor does a motion for reconsideration afford a party an opportunity to make new arguments that could have been, but were not, raised before the Court issued its ruling. *See Roger Miller Music, Inc. v. Sony/ATV*

3

*Publ'g*, 477 F.3d 383, 395 (6th Cir. 2007) ("parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."). "Furthermore, a party may not introduce evidence for the first time in a motion for reconsideration where that evidence could have been presented earlier." *Bank of Ann Arbor v. Everest Nat. Ins. Co.*, 563 Fed.App'x 473, 476 (6th Cir. 2014).

## ANALYSIS

Defendants ask that the Court reconsider its Order denying Defendants' Motion to Dismiss for three reasons:

(1) the Order did not address Defendants' request to dismiss Plaintiffs' claim alleging Defendants breached their ERISA fiduciary duty of prudence by allowing GKN's 401(k) plan to offer GoalMaker;

(2) the Order denied Defendants' request to dismiss Plaintiffs' claim alleging Defendants breached their fiduciary duty of prudence by allowing the plan to offer six investment options from 2014 through March 2019; and

(3) the Order did not state whether Plaintiffs' claims alleging (a) breach of the duty of prudence as to recordkeeping fees, and (b) a breach of the duty of loyalty, were dismissed with prejudice.

(Defs.' Mot. for Recons. at 2–3). The Court takes each request in turn.

First, Defendants ask the Court to address their request to dismiss Plaintiffs' claim alleging Defendants breached their ERISA fiduciary duty of prudence by allowing GKN's 401(k) plan to offer GoalMaker.  The Court declines to reconsider its findings on this matter. The Court did not conflate GKN's 401(k) plan with GoalMaker itself, as the Defendants believe. Rather, the Court did not address this claim in its Order because it was unclear whether the

Defendants' Motion to Dismiss claimed both the funds *and* GoalMaker—separately or together—constituted a breach of the duty of prudence.  Defendants cited paragraphs 12 and 101 of the FAC in their Motion to Dismiss in reference to their "claims." (Defs.' Mot. Dismiss at 5).  Those paragraphs stated, respectively:

> 12. As late as the first quarter of 2019, GKN chose to retain **GoalMaker and its menu of high-cost funds** and ignored the conflicts of interest inherent in Prudential's asset allocation scheme.  Defendants' belated replacement of GoalMaker did nothing to undo the adverse impact suffered prior thereto, as participants' retirement savings would have been substantially greater had Defendants removed and replaced GoalMaker at the outset of the Class Period. […]

> 101. In 2015, the Supreme Court unanimously ruled that ERISA fiduciaries have "a continuing duty to monitor investments and remove imprudent ones[.]" Tibble, 575 U.S. 523. In contrast to the conduct of a prudent fiduciary, **Defendants failed to conduct a prudent process to monitor the GoalMaker funds, and they continued to retain these funds despite their continuing underperformance compared to their benchmarks**. Moreover, as shown above, there were abundant lower-cost investment alternatives readily available to the Plan for each of these investments.

(FAC ¶ ¶ 12, 101) (emphasis added).  Paragraphs 12 and 101 refer to the "GoalMaker and its menu of high-cost funds" and "GoalMaker funds". *Id.*  The Court thus treated the GoalMaker funds and GoalMaker itself as one unit that together breached the fiduciary duty of prudence.  The Court found that the funds selected by and within GoalMaker constituted a breach of the duty of prudence. *Id.*  The outcome would not change if GoalMaker and its funds were addressed separately.  As such, Defendants failed to demonstrate "a palpable defect" in need of correction that would result in a different disposition of the case. *See* E.D. Mich. L.R. 7.1(h)(3). The Court therefore declines to reconsider its findings on Defendants first request.

Second, Defendants ask the Court to reconsider its request to dismiss Plaintiffs' claim alleging Defendants breached their fiduciary duty of prudence by allowing the plan to offer six

investment options from 2014 through March 2019. Defendants attempt to argue that (a) Plaintiffs' comparator funds did not "consistently outperform" the challenged funds, and (b) that even if it did, the "core holding" in *Smith v. CommonSpirit* states that actively and passively managed funds are "inappropriate comparators." (Defs.' Mot. for Recons. at 7), *Smith v. CommonSpirit*, 37 F.4th 1160 (6th Cir. 2022).   The Court again declines to reconsider its findings on this matter.

Defendants attempt to make a mountain out of a molehill in arguing that Plaintiffs' comparator funds do not "consistently outperform" the challenged funds.   Here, the Court determined that eight out of fifteen comparator funds faring better over five years than the funds offered by Defendants constituted "consistent".   Defendants primarily seem to take issue with the Court's choice of words. Eight out of fifteen is greater than fifty percent. More often than not, Plaintiffs' comparator funds outperformed Defendants'. The Court believes that to be consistent, regular, or frequent enough to survive a motion to dismiss. Such a difference of opinion is insufficient for the Court to reconsider its findings.

Defendants also take issue with the Court's approval of Morningstar funds as comparator data. They claim that *CommonSpirit* held funds in the same Morningstar category can never constitute an appropriate, "apples-to-apples" comparison, and that the Court failed to take this into account in its Opinion. (Defs' Mot. for Recons. at 6).   This is inaccurate.

In *CommonSpirit*, the Court found that comparing funds in the same Morningstar category was inappropriate when the issue was whether the "ERISA plan acted imprudently merely by offering actively managed funds in its mix of investment options." *CommonSpirit* at 1165.   Here, Plaintiffs used funds in the same Morningstar categories when the issue was whether Defendants acted imprudently by failing to investigate and select lower-cost alternatives

and by retaining imprudent plan investments. (Ct. Op. and Order at 6).  In other words, when the issue was specifically related to actively managed funds, comparison funds that included passively managed funds were inappropriate. *CommonSpirit* at 1165.  The issue here is not active versus passive, but rather failure to investigate, failure to select lower-cost options, and retaining imprudent plan investments.  Therefore, funds in the same Morningstar category constitute appropriate comparator data in this case.

Third, Defendants ask the Court to state whether Plaintiffs' claims alleging breaches of the duty of prudence (as to recordkeeping fees) and the duty of loyalty were dismissed with prejudice.  To review, the question in this case is whether Defendants breached their fiduciary duties under ERISA.  As the Court stated in its Order, "the fiduciary duty under ERISA includes the duty of prudence and the duty of loyalty". (Ct. Op. and Order at 5).  In other words, the duties of prudence and loyalty are theories of fiduciary duty that fall *within* ERISA's fiduciary duty. A breach of *either* duty amounts to a breach of fiduciary duty. *Dover v. Yangfeng US Automotive Interior Systems I LLC*, 563 F.Supp.3d 678 (2021).

At the pleading stage, Plaintiffs need only one sufficient breach of fiduciary duty claim to survive the motion to dismiss.  The Court found that Plaintiffs' breach of fiduciary duty claim survived under a theory of the duty of prudence. (ECF No. 48).

Other theories of a breach of the duty of prudence are not being dismissed.  Rather, the Plaintiffs' claim survives the motion to dismiss. Finding that one theory of fiduciary duty survives and another does not is not equivalent to denying one claim and granting another. Because the Court is not granting any portion of the motion to dismiss, there is no claim to be dismissed—with or without prejudice.  Defendants failed to demonstrate "a palpable defect" in need of correction that would result in a different disposition of the case. *See* E.D. Mich. L.R.

7.1(h)(3). The Court again declines to reconsider this matter, and all matters brought by Defendants in their Motion for Reconsideration.  The motion is therefore **DENIED**.

**CONCLUSION**

For the reasons stated above, Defendants' Motion for Reconsideration is **DENIED**.

   **IT IS SO ORDERED.**

Dated:  October 26, 2022      s/Sean F. Cox
               Sean F. Cox
               U. S. District Judge